BARTLETT *versus* MAYO, *Administratrix.*

A party may introduce a paper, drawn up in the handwriting of the other party, though not signed by him, with a view to connect it with other evidence, to establish a disputed fact.

There is no presumption in law that an *unnegotiable* note, of the same amount of a pre-existing book debt, was taken *as payment* of the debt.

In an action upon such book debt, proof that *such* a note was given to the plaintiff for the same amount, is not of itself a defence.

In such an action, if it appear, that such a note was given, it is not necessary that the plaintiff produce the note or account for its loss.

The recovery and payment of a judgment upon the account would bar an action upon the note.

ON EXCEPTIONS from the District Court, RICE, J.

ASSUMPSIT on an account for seaman's wages. It was proved that the services had been rendered by the plaintiff to the defendant's intestate ; and that on a settlement made Jan'y 5, 1847, the intestate paid the plaintiff some money, and either signed or intended to sign an unnegotiable note for the balance, $98,00.

The defendant introduced a receipt signed by the plaintiff of that date, in full for his wages.

The plaintiff offered a paper marked A, in the form of a note of the same date, payable to himself for $98, in the handwriting of the intestate, but it had no signature ; and contended, that that was the note given to him for the balance of his wages, and, that through inadvertence, it was handed to him by the intestate unsigned. The paper was objected to ; but was admitted in evidence.

The Judge instructed the jury, *that* if the intestate, at the time of the settlement, gave the plaintiff his note *not negotiable,* such note would not extinguish the original cause of

action, unless paid ; *that* in such case, the plaintiff could re-
cover on the original account, without producing the note, or
accounting for it at the trial; *that* a recovery in this action
would bar any action by the plaintiff on such note ; and, *that*
if the intestate by accident, as was assumed, omitted to sign
the note which was supposed by the parties to have been
given, the original account would remain unpaid, and the
plaintiff might maintain an action upon it.

The jury returned a verdict for the plaintiff for $110,60.

To the foregoing rulings and instructions the defendant
excepted.

*M. C. Blake*, for the defendant.

The first point made in the exceptions, relates to the ad-
mission of the paper marked " A."

This paper was not signed, and there was no evidence to
connect it with the settlement or note referred to in the case,
except the fact of the handwriting. It does not follow from
the handwriting that the deceased intended to sign it ; and the
legal inference from the fact of its not being signed, is adverse
to any such conclusion. It might have been intended for the
signature of another person.

It may be said its admission was proper for the explanation
of some other matter. But there was no proof to connect it
with any matter requiring explanation.

There also was error, in the instructions given to the jury.

It is unquestionably competent for parties to contract that
the giving of a note, not negotiable, should of itself operate
as an extinguishment of the prior indebtedness. The inten-
tion of the parties should govern, and the jury should be al-
lowed to infer this intention " from the testimony and the
circumstances of the case." 2 Greenl. Ev. sect. 521 ; 9 Pick.
52 ; 9 Johns. 310.

The instruction that it was not necessary to produce or ac-
count, at the trial, for such a note, asserts a principle, which
does not appear to have been settled by this Court, and it is
believed the weight of authority as well as sound reason is
opposed to it. The cases of *Dutton M. and S. Fund* v.

*Kendrick,* 12 Maine, 381, and *Edmunds* v. *Caldwell,* 15 Maine, 340, were unlike this, because there the notes were produced at the trial. I ask leave to cite Story on Prom. Notes, sect. 106 ; *Page* v. *Page,* 15 Pick. 368 ; *Martindale* v. *Follet,* 1 N. H. 95 ; 20 Verm. 449 ; 3 Cow. 303 ; 4 Bing. 273.

*W. H. Codman,* for the plaintiff.

SHEPLEY, C. J., orally.— The paper A, was in the handwriting of the intestate. For that reason, the Judge had no authority to exclude it. He could not foresee what connection it might have with other facts which the plaintiff might prove.

The principal reliance of the defendants however, is, that there was error in the instruction to the jury, that if a note was given, and was an unnegotiable one, it was not necessary for the plaintiff to produce it at the trial or to account for its loss.

But there is no presumption in law, that such a note is payment of a pre-existing debt. A plaintiff may always recover upon proving his claim, unless some defence be shown. In this case the defendant exhibited the plaintiff's receipt. But it is well settled, that a receipt is explainable and controllable by parole testimony. Such testimony is for the consideration of the jury. If the supposed note should hereafter be prosecuted, a recovery upon it would be barred by the recovery in this suit, accompanied by payment of the judgment. The production of the note was therefore unnecessary. *Exceptions overruled.*