WILLAMETTE FREIGHTING COMPANY, RESPONDENT,
*v.* SAMUEL STANNUS, APPELLANT.

ASSESSMENTS OF STOCK IN PRIVATE CORPORATION.—When a sufficient amount of the capital stock of a private corporation has been subscribed to authorize the stockholders to proceed to the election of Directors, after the election thereof assessments may be legally made upon the unpaid stock so subscribed, and this though the corporation has increased its

capital stock and the entire amount of the shares of the original stock and of the increased stock has not been subscribed. It is otherwise, where subscription to the entire number of the shares of the original as well as any contemplated increase of stock has been made a condition precedent to the exercise of the power of levying assessments.

STOCKHOLDERS MAY BECOME LIABLE BEFORE THE WHOLE AMOUNT CF STOCK IS SUBSCRIBED.—Stannus subscribed for and took twenty shares of stock in a private corporation, and promised to pay the company therefor at the rate of fifty dollars per share in gold coin. The only conditions upon which the subscription was made were those contained in the articles of incorporation and the by-laws and in the instrument signed by subscribers to the stock, which "provided only that no assessment upon the shares subscribed should become due prior to the first of April, 1870," all the assessments having been made subsequent to that time. *Held,* that his liability to pay for the shares so subscribed was not upon condition that he should not become liable until the whole stock was subscribed. *Held, also,* that the doctrine "that a subscription for stock in a corporation whose capital stock is fixed at a certain amount, or is to be determined by the Directors, is conditioned that the subscribers shall not become liable until the whole stock is subscribed," cannot apply in this case, for the proportion of stock necessary to be subscribed before the election of Directors, or rather before the organization of the company, was duly subscribed and taken before the business of the company was proceeded with.

IDEM.— Subscription to the entire amount of stock of a corporation is not a condition precedent to legal corporate existence in this State. The doctrine that whenever a corporation is so organized as to be capacitated to prosecute its business, it has, through its Board of Directors, the power to levy assessments, is in harmony with the general incorporation laws of this State.

DENYING LEGALITY OF ASSESSMENTS—STOCKHOLDERS, WHEN ESTOPPED.—Where assessments upon stock were levied by the stockholders by virtue of a by-law framed and adopted by the stockholders, a stockholder who assisted in framing the by-law and gave his voice for its adoption, is estopped from questioning the legality of the assessments.

APPEAL from Benton County.    \

This action was instituted by the Willamette Freighting Company, a private corporation organized under the general incorporation law of this State, to recover from Samuel Stannus the aggregate amount of five separate assessments upon twenty shares, valued at one thousand dollars, of the capital stock of the company, which shares Stannus subscribed for and agreed to take. The complaint alleges that the respondent, who was plaintiff in the Court below, is a corporation, duly organized under the laws of this State on

March 16, 1869. That the enterprise in which it proposed to engage was the navigation of the Willamette River and its tributaries. That on March 31, 1869, the appellant, who was the defendant in the Court below, executed with certain other persons the following instrument in writing, viz.: "We, the undersigned, and each of us, do hereby subscribe for and take the number of shares set opposite our respective names, of the capital stock of the Willamette Freighting Company, of Benton County, Oregon, and undertake and promise to pay to said company therefor, in United States gold or silver coin, the sum of fifty dollars per share—the capital stock of said company being represented by three hundred shares, and each share representing the sum of fifty dollars; and we subscribe for and take said stock on the terms, conditions and limitations set forth in the articles of incorporation and by-laws of said company; *provided only,* that no assessment upon the shares subscribed shall become due prior to April 1, A.D. 1870."

Subscribed:

"Samuel Stannus, twenty shares, $1000;" and divers other persons.

That the defendant became thereby a subscriber for twenty shares of said stock, and a stockholder in the corporation; that the only provision of the company, in regard to the assessment of the stock, is Article 10 of the By-Laws, which provides as follows:

" ARTICLE 10. All assessments exceeding ten per cent. on the capital stock shall be made at a regular meeting of the stockholders, or a special meeting, and it shall require a majority of all the stock or shares to form a quorum to do any business required to be done by virtue of this organization (votes by written proxy being allowed); *provided,* that the directors are hereby authorized to make assessments, not exceeding ten per cent., on the capital stock of the company."

That in pursuance of the articles of incorporation, the by-laws, and the said agreement, the plaintiff, at regular

meetings of the stockholders and directors, at which the defendant was present and assented, duly levied assessments from time to time upon the capital stock of said company, and that the aggregate amount thereof upon the shares of the defendant was six hundred dollars, which he became liable to pay, but of which sum he has paid only fifty dollars. The complaint also sets out three assessments made by the directors of the company, aggregating twenty-five per cent. of the stock, and two made by the stockholders, aggregating thirty-five per cent.

The answer denies every material allegation of the complaint, except that the defendant signed his name to the agreement referred to, and placed twenty shares opposite thereto. The answer then sets up, as a further defense, that on January 22, 1870, at a meeting of the stockholders of the company, called and held at the town of Monroe, in Benton County, for that purpose, they (the stockholders) by a vote of a majority of the stock, increased the capital stock to $50,000. That thereafter, and ever since, the capital stock of the Willamette Freighting Company has been and is $50,000, which amount has never been subscribed for or taken. That not exceeding $19,000 of the stock has been subscribed for or taken; and that during all the time the said pretended assessments were made, the capital stock of the company was untaken and unsubscribed for. That said pretended assessments were all attempted to be made for the general objects and purposes of the plaintiff, to wit, the construction of the necessary boats to navigate the Willamette, Long Tom and other tributaries of the first-named stream, from Portland to Eugene City.

The reply admits that the capital stock of the company was increased on January 22, 1870, at a stockholders' meeting, to $50,000; and that, at the time the several assessments mentioned in the complaint were levied, the capital stock was $———; and that not exceeding $19,000 of the same had ever been subscribed for or taken; and that the alleged assessments were made for the general objects of the company.

The trial in the Court below resulted in a verdict for the

plaintiff, upon which a judgment was rendered. The defendant appeals from said judgment, and assigns numerous errors. The errors relied upon are stated in the opinion of the Court.

*R. S. Strahan and John Kelsay,* for Appellant.

The stockholders had no power to make assessments upon the stock. (Mis. Laws, ch. 7, §§ 5, 9; *McCullough* v. *Moss,* 5 Denio, 567, 575, 584; 19 N. Y. 216; Angell and Ames on Cor. 266, § 279; Abbott's Dig. Laws of Cor. 25, § 7; 568, § 1; 569, § 14.)

The powers of all corporations are to be strictly construed. What is not expressly granted is withheld. (Sedg. on Con., etc. 338; 11 Pet. 420; 9 How. U. S. 184; and 2 Black. 723.)

Capital stock must be subscribed before the corporation can go forward with its general business. (Session Laws 1868, § 6, p. 179; 9 Pick. 187; 6 Gray, 87; 10 Pick. 142; 10 Foster, 390; and 32 N. H. 363.)

The by-laws were made by the stockholders, and being without power to make them and all assessments being predicated thereon, the whole are without authority of law and are void. See the authorities cited on the first point.

The subscription must be construed as if all the provisions of the statute affecting the liability of the subscriber were incorporated in his agreement. (2 N. Y. 335; 17 Barb. 581; 1 Green's R. 13; Abb. Dig. Laws of Cor. 169, § 205; 15 How. Pr. 209, 210.)

Where the number of shares of a corporation is fixed, either by its charter or its own vote, no stock is valid till the whole is subscribed for. (5 Pick. 23; 14 N. H. 543; 2 Gray, 277, 278; 6 Cush. 50; 9 Cush. 423 *et seq.;* Angell & Ames on Cor. §§ 543, 544; 10 Mass. 384; 6 Gray, 87, 88; 8 Cush. 110 *et seq.;* 45 Maine, 524; Abb. Dig. Laws of Cor., p. 26, § 22; 9 Pick. 195 *et seq.;* 39 Maine, 571.)

It was error to instruct the jury that the plaintiff was entitled to recover for all legal assessments. (Session Laws 1868, 154, § 198; 20 N. Y. 129, 130.)

Plaintiff should have proved demand before instituting the action.

*F. A. Chenoweth, W. W. Thayer, and John Burnett,* for Respondent.

A corporation in this State has a right to increase or diminish its capital stock or the amount of the shares thereof. (Mis. Laws, ch. 7, ℓ 19.)

Whenever a corporation is capacitated to prosecute its business, it has the right to levy assessments. (*H. & D. P. R. Co.* v. *Rice,* 7 Barb. 157; 21 Barb. 56; 11 N. Y. 102; 16 N. Y. 457; 18 Ind. 452; 34 Maine, 360 *et seq.;* 40 Id. 172; 41 Id. 572.)

As appellant assisted in making the by-laws, and as he subscribed for stock upon the terms referred to therein, he should not be heard to complain.

No demand was necessary before action brought. (Abbott's Dig. Laws of Cor., ℓℓ 258, 259.)

A stockholder may waive a condition, upon the observance of which he might have insisted, and thereby estop himself to question an irregularity. (Abbott's Dig. Laws of Cor., ℓℓ 58, 59; 31 Barb. 323; 35 Mo. 26, 27.)

By the Court, McARTHUR, J.:

When the Willamette Freighting Company was organized the capital stock was fixed at thirty thousand dollars. No question is made but that, of this amount, fifteen thousand dollars were subscribed and taken before the Company increased its capital stock to fifty thousand dollars. We are led, therefore, to conclude that such was the fact, and it is alluded to at this time as it has an important bearing in considering the legality of the increase of the capital stock. By virtue of the proviso in ℓ 6 of the Act in relation to private corporations (Mis. Laws, ch. 7), it is lawful for such corporations to proceed to elect directors after one-half of the capital stock has been subscribed. After this important step is taken the organization of the corporation is so far complete as to enable the Board of Directors to proceed with the transaction of any and all business, always of course being controlled by the articles of incorporation, the by-laws, and the character and neces-

sities of the enterprise.   The Board of Directors, when once legally elected, may proceed to levy assessments, increase or diminish the capital stock, and do any other act necessary to promote the object of the corporation.   (Mis. Laws, ch. 7, ¾ 19.)   In this case the proportion of the capital stock required by law had been duly subscribed, and the Board of Directors legally elected; they were, therefore, invested with full authority to increase the capital stock, and the assessments which it levied were legal and binding upon the subscribers to the original stock.   If an incorporation sees fit to increase its capital stock, it is not necessary to wait until all the shares of the original stock, and of the increased stock also, are subscribed and taken before assessments can be levied upon the shares of the original stock which have been subscribed for.   Of course the subscription to the entire number of shares of the original, as well as any contemplated increase of stock, can be made a condition precedent to the exercise of the power of levying assessments.   In this case there was no agreement or stipulation to that effect.   The subscription of Stannus was absolute.   He subscribed for and took twenty shares of stock, and promised to pay the Company therefor at the rate of fifty dollars per share in gold coin. The only conditions upon which the subscription was made were those contained in the articles of incorporation and the by-laws, and in the instrument signed by those subscribing to the stock, which "provided only that no assessment upon the shares subscribed shall become due prior to the first of April, 1870."   All the assessments having been made subsequent to that time, there was, of course, no violation of this proviso.   We are aware of the full import of the authorities cited from Massachusetts.   It is held there that a subscription for stock in a corporation whose capital stock is fixed at a certain amount, or is to be determined by the Directors, is conditioned that the subscriber shall not become liable until the whole stock is subscribed.   This rule places the Directors in such a position as to prevent them from transacting any business until all the stock is subscribed.   This doctrine cannot apply in

this case, for, under our statutes, the proportion of stock necessary to be subscribed before the election of the Directors, or rather before the organization of the Company, was duly subscribed and taken before the business of the Company was proceeded with.   The general principle, that a subscription of the whole amount of stock is not a condition precedent to legal corporate existence, except when made so by general statute or expressed in the charter (4 Eng. L. and Eq. 455), is recognized in Massachusetts (6 Pick. 23; 9 Id. 187; 10 Id. 142); and this fact furnishes incontestable proof that the Massachusetts rule invoked by appellant's counsel grew out of legislative enactment.   Its application is not universal, but is limited to those States whose legislation is of like character.   The doctrine that whenever a corporation is so organized as to be capacitated to prosecute its business, it has, through its Board of Directors, the power to levy assessments (*S. & S. P. R. Co.* v. *Thatcher*, 11 N. Y. 107), is in harmony with the general incorporation laws of this State.   We are of opinion, therefore, that the assessments levied by the Board of Directors upon the stock subscribed for by Stannus, were valid and lawful, and that the increase of the capital stock of the Company in no way prejudicially affects the right of the Company to maintain this action.   The right of action of the Company is based upon the original contract, which, as has been before stated, was absolute.  (*H. D. P. R. Co.* v. *Rice*, 7 Barb. 164; *S. & S. P. R. Co.* v. *Thatcher*, 11 N. Y. 107.)

It appears that two assessments, aggregating thirty-five per cent., were levied by the stockholders by virtue of Article 10 of the by-laws.  These by-laws were framed and adopted by the stockholders, and Stannus assisted in framing them and gave his voice for their adoption.   It is urged that the law in relation to corporations must be strictly construed; that as these assessments were not made by the Board of Directors they were illegal, and that they derive no legality or validity from the by-law authorizing stockholders to levy certain assessments, for that by-law itself is violative of the statute which places the control of the

affairs of the Company in the hands of the Board. It will not be denied at this day that it is the duty of Courts to strictly construe the law touching the rights, duties and obligations of corporations in all cases arising between corporations and third parties, and in very many cases arising between corporations and individual stockholders. But it is not always that such construction can be insisted upon by the stockholder in an action by or against a corporation. When a corporation is organized, the principles of the law of partnership may in very many respects be held to govern the stockholders in their conduct in respect to each other and in respect to the corporation. (31 Barb. 323; 35 Mo. 26, 27.) The bill of exceptions shows that Stannus was a stockholder in the company, and that he was one of the principals of the enterprise. He assisted in making the by-law by virtue of which these assessments were levied by the stockholders, and now seeks to avoid its effect, and insists upon his right to have the statute strictly construed. We are of opinion that he is not in a position to justly ask for that strict construction. He had a right to waive, and did waive the condition fixed by law that the Directors must make all orders levying assessments, and by his acts he has estopped himself to question any irregularity in the levying of the assessments of which he complains.

We do not think it necessary to pass upon the question of demand and notice as presented.

Judgment affirmed.