## SMITH VS. EHANERT.

EVIDENCE. *How far party may contradict his own witness.*

1. Although the general rule is, that a party cannot impeach the general reputation for truth of his own witness, yet he may prove the truth of any particular fact relevant to the issue by any other competent testimony, in direct contradiction of what one of his witnesses has testified, even where such proof may *collaterally* show such witness to be generally unworthy of belief.

2. Thus, in an action on a promissory note alleged by the answer to have been without consideration, after plaintiff, as a witness for defendant, had testified that the note was for the price of specified chattels sold by him to defendant, the latter was entitled to show by his own testimony that he was not indebted to plaintiff on account of such chattels when the note was given.

APPEAL from the Circuit Court for *Waukesha* County.

Action on a promissory note. Verdict for the plaintiff; new trial denied; and judgment rendered on the verdict; from which the defendant appealed.

*E. Fox Cook*, for appellant.

*Frank B. Van Valkenburgh*, for respondent.

COLE, J. The plaintiff, when called as a witness for the defendant, among other things, testified as to the indebtedness due him from the defendant, which constituted the consideration of the note in suit. He stated, in substance, that the note was given for some cord-wood, sheep and wool, which he sold the defendant at the time the note was executed. To meet that testimony, and as relating to the same matter, the defendant was asked on his examination, whether at any time he owed the plaintiff for cord-wood and on account of sheep. The question was objected to, on the ground that a negative answer would tend to discredit or contradict the statements of the plaintiff on the same point; and the testimony was excluded. We are really unable to perceive any valid objection

to the question under the circumstances, and think that the
defendant should have been permitted to answer it.   The in-
quiry surely related to one of the principal facts in issue, and
the answer might have been important.   One ground of de-
fense was, that the defendant was not indebted to the plaintiff
on any account or in any sum whatever, and that the note was
wholly without consideration.   The plaintiff had testified as
to such indebtedness and what it was for.   Why should not
the defendant be allowed to show, if he could, that no such
indebtedness existed?   The general rule doubtless is, that a
party calling a witness to prove his case, will not be permitted,
because the witness gives testimony adverse to him, to show
that the witness's general reputation for truth is bad.   But to
this rule there are exceptions.   Says Prof. Greenleaf:   " It
is exceedingly clear that the party calling a witness is not pre-
cluded from proving the truth of any particular fact, by any
other competent testimony, in direct contradiction to what
such witness may have testified; and this not only where it
appears that the witness was innocently mistaken, but even
.where the evidence may collaterally have the effect of showing
that he was generally unworthy of belief."   1 Greenl. Ev., §
443.

The learned counsel for the plaintiff further insists that the
question was improper for the reason that it was too general,
and was leading.   No such ground of objection, however, was
taken on the trial, and it would manifestly be unfair to allow
such an objection now to prevail, to justify the ruling of the
court below.   But the counsel also insisted that the testimony,
in effect, was afterwards admitted and went to the jury.   This
position is not sustained by the record.   It is true that the
defendant afterwards stated in his examination, that when he
took possession of the farm which he had purchased of the
plaintiff, there were upon it " about sixteen to twenty cords of
wood," piled.   This wood, he said, he bought of the plaintiff,
hauled away and sold.   He was then asked if he had ever paid

for this wood; he answered "yes." He was further asked "when;" the answer to that question was objected to, and excluded. There his examination on that point ends. It is very evident that the answers given do not cover or embrace the entire ground of indebtedness sworn to by the plaintiff.

Therefore, without considering the other questions discussed by counsel, we think there must be a new trial on account of the error in excluding the testimony above referred to.

*By the Court.* — Judgment of the circuit court reversed, and a new trial ordered.