## THE WISCONSIN RIVER LUMBER COMPANY VS. WALKER.

*February 24 — March 9, 1880.*

EVIDENCE. *(1) Secondary evidence. (2) Material evidence of stock assessment. (3) Plaintiff's right to rebut testimony of defendant's witness given on cross examination.*

1. In an action wherein the plaintiff corporation was required to show a subscription to its stock by defendant, the facts having been shown that the stock book in which the subscriptions were made was not in the possession or under the control of the plaintiff, nor within the jurisdiction of the court, and that the person in possession thereof refused to deliver, exhibit or produce it upon plaintiff's demand, there was no error in permitting plaintiff to show by the testimony of its secretary, based upon his recollection, the contents of such book, relating to defendant's subscription.

2. The action being for the amount of an alleged assessment upon defendant's shares of stock, and the answer a general denial, and the record

book of the meeting of the board of directors of the company, at which such assessment was made, being produced and identified by the secretary, his testimony as to what persons appeared by such record to have been present at the meeting, showing that all the directors were present, including the defendant, was *material* as well as competent.

3. Defendant, as a witness in his own behalf, having denied making certain admissions to which one of plaintiff's witnesses had testified, and having been *cross-examined* by plaintiff on that subject, it was competent for plaintiff thereafter to introduce evidence to contradict the statements made by defendant upon such cross examination.

APPEAL from the Circuit Court for *Portage* County.

Defendant appealed from a judgment in plaintiff's favor.

The appeal was submitted on the brief of *Raymond & Haseltine* for the appellant, and that of *G. W. Cate* for the respondent.

ORTON, J. This action was brought against the defendant, as a stockholder of the plaintiff, for an assessment upon his stock. The answer is a general denial; and, a jury having been waived, the trial was by the court, and the findings and judgment were for the plaintiff. By proper exceptions to the evidence and findings, the following questions were raised, which will be considered in their order:

*First*, as to the proof of the stock subscription. It was in evidence that the stock book in which the original subscriptions were made, was not in the possession or under the control of the plaintiff, but was in the personal possession of one Cronkhite, in the city of Chicago, state of Illinois, and of course beyond the jurisdiction of the court; and that the book had been demanded of him by the company, and he had refused to deliver it up, or to exhibit or produce it. The respondent, thereupon, offered to show and did show, against the objection of the appellant, by one Herron, the secretary of the company, the contents of the book, relating to such subscription of the appellant, from his recollection thereof. We think that under the rule laid down by this court in *Garrison*

*v. Owens*, 1 Pinney, 544, and in *Bonner v. The Home Ins. Co.*, 13 Wis., 687, sufficient foundation had been laid for the introduction of this secondary evidence.

The testimony of Judge Cate, that the appellant admitted his subscription to the capital stock of the company, and that of Herron, that the appellant had talked with him about his having made such subscription, although contradicted by the appellant, would sustain the findings of the court upon this point without further evidence.

*Secondly*, as to the proof of an assessment, and call upon the capital stock, and notice thereof to the appellant. The witness Herron, the secretary of the company, testified: "I have the records of an assessment of the capital stock of the company, made January 27, 1877." He was then asked: "Will you show and state the persons who were present, of the board of directors, at the time of that assessment?" The counsel of the appellant "objected to the question on the ground that it is *immaterial.*" The objection was not to the *competency* of the evidence. The objection was overruled, and the witness answered: "The minutes read, that there were present, President Davis, Messrs. Wadleigh, Wadsworth, Plumer and *Walker*. These gentlemen constituted the board of directors. These gentlemen were also stockholders." And he further testified: "The records show that on the 27th day of January, 1877, the following resolution was offered: '*Resolved*, That an assessment of twenty-eight per cent. be and is hereby levied on the capital stock of this company, the same being equal to seven dollars per share, payable at the office of this company at Stevens Point, within sixty days from this date, and that the secretary of this company be instructed to notify each and every stockholder of the action of this board. [Signed] W. C. Wadsworth.' On motion of Wadleigh, seconded by Plumer, it was adopted. [Signed] E. R. Herron." And he testified further: "*Mr. Walker* was present when the resolution was adopted. He was notified of the assess-

ment after that; all of the stockholders were notified. The amount of the assessment on *Mr. Walker's* stock was $1,400. No part of it has been paid."

This testimony was most certainly *material,* and we think competent also, and fully sustains the complaint and findings.

The next and only remaining question arose from the cross examination of the appellant himself, in respect to his denial of the admission which Judge Cate testified he had made to him, of his subscription to the capital stock of the company. The learned counsel of the appellant claims that the respondent, by such cross examination, made the appellant his witness, and that he was therefore bound by his testimony, and that such cross examination could not be made the foundation for his contradiction or impeachment. The case of *Smith v. Ehanert,* 43 Wis., 181, cited by the learned counsel in support of his position, is directly against it, and makes such testimony as was given in contradiction of the appellant's evidence upon such cross examination, clearly admissible.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.