## Dowdell v. Wilcox.

1. **Witness:** PARTY CALLING MAY CONTRADICT. Although a party may call a witness he is not therby estopped from proving the truth of any particular fact, by any other competent testimony, in direct contradiction to what such witness may have testified.

*Appeal from Hardin Circuit Court.*

Friday, April 21.

Action to recover specific personal property taken from the possession of the plaintiff under an attachment and execution against one Thomas Dowdell. The answer, in substance, pleaded a general denial and that the indebtedness mentioned in the attachment and execution was incurred prior to May 1877, and that Thomas Dowdell, for the purpose of hindering and defrauding his creditors, executed in September, 1876, and again in January, 1879, bills of sale of the property to the plaintiff, and also conveyed to her a large amount of real estate for the same purpose. Verdict and judgment for the plaintiff, and defendant appeals.

*W. J. Moir, Huff & Reed* and *W. A. Grier,* for appellant.

*M. W. Anderson,* for appellee.

Seevers, Ch. J.—The plaintiff introduced evidence tending to show she was the owner of the property in controversy, and that she and her husband Thomas Dowdell resided in Dubuque county in 1871. That in said year and county her husband executed to her a bill of sale under which she claimed the property. It was a controverted question whether the attaching creditors had notice of such bill of sale. There was evidence tending to show the plaintiff and her husband moved to Hardin county in 1871, and it was a controverted question as to whether the plaintiff,

or Thomas Dowdell, used and controlled the property from that time until the levy was made. In short, there was evidence tending to show the plaintiff's ownership or claim to the property was fraudulent as to the creditors of Thomas Dowdell. As tending to show the bill of sale made in Dubuque county was fraudulent, the defendant introduced two bills of sale executed by Thomas Dowdell to the plaintiff in 1876, and 1879, whereby the property was again sold and the title was vested in the plaintiff. The court on motion of the plaintiff directed the jury, as the defendant had introduced the bills of sale in evidence, he could not show or claim they were fraudulent and the jury were directed to find for the plaintiff, which they did.

It is insisted the ruling of the court is correct on the ground that when a party introduces a witness he thereby affirms he is worthy of belief, and cannot afterwards be permitted to impeach him. 1 Greenleaf Ev., § 442. At most the defendant affirmed the bills of sale were genuine, and in form, evidence of a sale by Thomas Dowdell to the plaintiff. But he did not affirm they were not made to defraud creditors. He therefore was not estopped from claiming and establishing the latter fact. Although a party may call a witness he is not thereby estopped from proving the "truth of any particular fact by any other competent testimony in direct contradiction to what such witness has testified." 1 Greenleaf Ev., § 443. *Fliescher v. Dignon*, 53 Iowa, 288; *Clapp v. Peck*, 55 Iowa, 270; *Smith v. Ehanest*, 43 Wis., 181. We think the court erred in the instructions given the jury.

REVERSED.