GRAEBNER, Receiver, Respondent, vs. POST, Appellant.

*October 1—October 20, 1903.*

*Corporations: By-laws: Adoption: Calls upon stock subscriptions: Notice: Waiver of irregularities: Setoff: Advances made: Receivers.*

1. A set of by-laws for a corporation, approved at a stockholders' meeting before the articles of incorporation had been recorded, and thereafter, though never formally adopted in accordance with said articles by the board of directors, treated by such board as the by-laws during the existence of the corporation, will be deemed in law to have been the by-laws of the corporation.

2. One who, as a stockholder, director, and president of a corporation, participated in all the proceedings relating to the making and ratifying of calls on stock subscriptions and prescribing the notice to be given thereof, and who received notice of a call, gave his note for the amount due from him thereon, and afterwards presided at a meeting of the directors at which it was voted to apply upon the amount due from him on said calls moneys advanced by him for the corporation,—all without objection on his part that the call was irregular or illegal,—waived thereby any irregularity in said call or the notice thereof, and is estopped to question their validity.

3. Where the president of a corporation employed counsel to represent it in threatened litigation, before action had been taken to have the corporation declared insolvent and a receiver appointed, and advanced moneys to pay such counsel because no other funds were then available, and such acts were either authorized or ratified by the board of directors, which voted that credit be given him upon an unpaid call upon his stock subscription, the advances so made were a proper setoff in an action brought upon said call by a receiver subsequently appointed for the corporation.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Reversed.*

Action by respondent, as receiver of the Blue Mound Investment Company, to recover balance due upon a stock subscription. The corporation was organized for "the buying and selling of real estate and improving the same and the

loaning of money upon securities." The articles of incorporation were recorded August 25, 1892. On the 22d day of August, 1892, at a stockholders' meeting, by-laws were presented and approved by them, but they were not thereafter formally adopted by the board of directors. These were the only by-laws the corporation had, and they were referred to and treated as the by-laws by the board of directors. Judgment had been rendered in a suit begun to foreclose a mortgage upon eighteen acres of land owned by the corporation. Pending an appeal to the supreme court from this judgment, a call for the unpaid balance on the assessable stock was made January 18, 1899. Reference was made in the call to the possibility of judgment being given for a large sum against the corporation in the foreclosure suit. The resolution is as follows:

"*Whereas,* litigation is pending against the Blue Mound Investment Company, which is to be determined on appeal to the supreme court, and as the same is uncertain as to how it will be decided and as a judgment is possible against this company for a large sum of money, aggregating between $8,000 and $9,000, and

"*Whereas,* it is thought best to be prepared for the worst, and to prepare in ample time, so as to prevent any danger of additional and unnecessary expense, be it

"RESOLVED, that a call be, and is hereby levied upon all unpaid subscriptions to the stock of the Blue Mound Investment Company for the entire amount remaining unpaid thereon, and that the same is hereby ordered to be paid into the company's treasury on or before the first day of August, 1899. Be it further

"RESOLVED, that the secretary notify every member of this company of this call by sending notice thereof, personally or by mail, as soon as he reasonably can do so."

Appellant participated in this meeting as president and stockholder, and also at subsequent meetings when this call was considered and ratified, without making any objection thereto. He gave his notes for the balance due on his sub-

scription. The time for payment under the call was extended at various times.

On February 24, 1900, the liabilities of the corporation, which were in the form of this judgment, amounted to the sum of $8,910.65. The assets consisted of cash, $1,396.85; unpaid stock subscriptions, $2,364.25; and the eighteen acres of land. The land was sold for $2,375, and a deficiency judgment entered for $6,105.55 on the 19th day of May, 1900. On the 21st day of May, 1900, upon the petition of the judgment debtor, the court, without giving notice of the application to the corporation, made an order declaring the corporation insolvent, and appointed a receiver. On the 19th day of May, 1900, the appellant, as president of the corporation, employed attorneys to protect the corporation in the litigation then threatened, and paid them $250 as a retainer. On the evening of the 21st day of May, 1900, at a meeting of the board of directors, this action of the president was ratified by resolution, and it was directed that he receive credit of $250 upon his unpaid stock, and that the secretary return to him his notes given for his unpaid assessment due on this call.

On appeal to the supreme court, the order appointing a receiver was set aside. 110 Wis. 470. Subsequently a new petition was filed and the corporation was given notice thereof. At a meeting of the directors on the 29th day of August, 1901, the president was authorized to advance and pay to the attorneys an additional sum of $100. These attorneys represented the corporation on such appeal, and resisted this application for the appointment of a receiver. The board of directors thereafter applied this amount as a payment upon the balance of his assessment. At the hearing of this petition the present receiver was appointed, and; on leave being granted, brought this action.

For the appellant there was a brief by *E. L. Wood* and *O. W. Bow,* and oral argument by *Mr. Bow.*

For the respondent there was a brief by *Austin, Fehr &
Gehrz,* and oral argument by *W. H. Austin.*

SIEBECKER, J.   Appellant contends the court erred in di-
recting a verdict upon all the issues in respondent's favor,
because no valid call was made for the unpaid stock subscrip
tions, and because his claim for a setoff was denied.   It is
asserted that no by-laws were ever adopted under the power
expressly given to the board of directors by the articles of in-
corporation.   A set of by-laws were prepared and approved
at a stockholders' meeting, which was held before the articles
of incorporation had been recorded.   No other by-laws were
thereafter prepared or formally adopted by the board of di-
rectors.   It appears, however, that the set of by-laws so pre-
pared were referred to and considered as the by-laws during
the existence of the corporation.   The evidence discloses that
they were treated as the by-laws of the corporation at meet-
ings of the board of directors, of which appellant was a mem-
ber and its president from the time of the organization of
the board.   The conduct of the board of directors indicates
that they regarded them as the by-laws of the corporation,
and they should therefore be so regarded in law.

"By-laws may be adopted as well by the acts and conduct
of the corporation as by express vote or adoption in writing,
unless it is otherwise provided." *Germania I. M. Co. v. King,*
94 Wis. 439, 69 N. W. 181.

It is further objected that the call for payment of unpaid
stock subscriptions has no validity, in that the proceedings
taken for such call, under the by-laws, failed to provide the
notice to stockholders as required by sec. 1754, Stats. 1898.
This question becomes immaterial in the case, since we
are persuaded that it abundantly appears appellant must be
bound by the action of the corporation in making this call
on stock subscriptions.   He was a stockholder from the time
of the organization of the corporation, and a member of the

board of directors and acted as its president from the time of its organization to the commencement of this action. He participated in making five calls for stock subscription without objection under a like resolution and notice to stockholders before this one of January 18, 1899. He took part in the proceedings of the board of directors in making this call by resolution and prescribing the notice to be given. He received printed notice thereof, accompanied by a copy of the resolution. He attended a meeting of the board of stockholders February 8, 1899, at which the call was ratified, and a like meeting at which payment under this call was extended to December 15, 1899. He made no objections at any of these times that the call was irregular or illegal, but assented to the proceedings taken in relation thereto. He made, executed, and delivered his promissory notes to the secretary, payable December 15, 1899, for the amount due from him on his stock under this call, and acted as president of the meeting of the directors May 21, 1900, when the board, by resolution, voted to apply the $250 advanced by him as counsel fees for the corporation on the unpaid portion of his stock subscription. Appellant's participation in all of these proceedings as stockholder, director, and officer of the board affords ample ground for an effective waiver of any irregularity in the call and notice thereof, and estops him from raising any objection as to their validity.

"A subscriber of stock may, by his acts or express agreement, waive a call itself, or informalities in its making, or notice thereof." *Kansas City H. Co. v. Harris,* 51 Mo. 464; *Stone v. Great Western O. Co.* 41 Ill. 85; *Danbury & N. R. Co. v. Wilson,* 22 Conn. 435; *Wis. River L. Co. v. Walker,* 48 Wis. 614, 4 N. W. 803; *State Bank B. Co. v. Pierce,* 92 Iowa, 668, 61 N. W. 426; Cook, Corporations, § 120. Such waiver and estoppel have been held binding on a stockholder in case of informalities under statutory requirements in mak-

ing calls and giving notice thereof. *Willamette F. Co. v. Stannus,* 4 Oreg. 261.

It is further argued that the court erred in not awarding judgment allowing appellant credit for the sum of $350, with interest, by way of setoff to any amount due from him to the respondent. The appellant, as president, employed counsel on May 19, 1900, to represent the corporation in litigation then threatened, before action was actually taken to declare the corporation insolvent and for the appointment of a receiver. He paid them the sum of $250 counsel fee upon the ground that it could not be procured from the treasurer, and that no other funds were available for that purpose. At a meeting of the board of directors May 21st following, this employment of counsel, and the sum advanced by him, were, by resolution of the board, directed to be applied as a payment on his unpaid stock subscription. The services performed by counsel under this retainer appear to have been exclusively for the benefit of the corporation. Respondent thereafter advanced an additional sum of $100 for services of counsel in the said litigation. It seems that the money so advanced and paid by appellant for counsel fees was, under the facts, a proper credit to be applied on his unpaid stock subscription, and should be allowed as a setoff in his favor in this action. Under the ruling of the court, such a setoff was erroneously denied. For such error the judgment must be reversed and a new trial ordered. This result makes any further discussion unnecessary.

*By the Court.*—Judgment reversed and a new trial ordered.