HOFFMAN *et al.* v. HENRICKS.

No. 2068, Okla. T.   Opinion Filed June 24, 1908.

(96 Pac. 589.)

**EVIDENCE — Weight — Conclusiveness on Party Introducing Document.** A party offering in evidence a written instrument is not absolutely bound by the terms of such document so as to prevent him from introducing such further testimony relating thereto as may be necessary to show its connection with the matter in dispute which he is seeking to establish.

(Syllabus by the Court.)

*Error from District Court, Woods County; John L. Pancoast, Judge..*

Action by M. I. Henricks against George P. Hoffman and Mary D. Hoffman. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*A. C. Towne, A. R. Museller,* and *A. G. Sutton,* for plaintiffs in error.

*Snoddy & Son,* for defendant in error.

KANE, J. This was an action for damages for breach of warranty, brought by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, in the district court of Woods county, Okla. Ter.

The petition, in substance, alleges: That the plaintiff on the 3d day of October, 1903, purchased from the defendant the following described real estate, in Woodward county, Okla. Ter., to wit: The N. E. ¼ and N. W. ¼ of section 28, township 23 N., of range 18 W., of the Indian Meridian. That the plain-

tiff paid for said land the sum of $3,500, and defendants made, executed, and delivered to him a warranty deed containing the usual covenants of warranty.  Plaintiff further states that the premises were not in fact free and clear of all incumbrances except those named in the deed, and that defendants did not have a good right and full power to convey the same, but that, when plaintiff undertook to take possession of the premises under the deed, he found that one Peter Voght was in possession of the premises under a written lease antedating the plaintiff's warranty deed, which lease had been made and executed by the defendants to said Peter Voght, and which would not terminate until several months after the execution of said warranty deed.  There are further allegations to the effect that defendants collected the rent due on said premises under the lease, and that the said Peter Voght kept upon said premises under said lease until the 1st day of March, 1904, 60 head of cattle and about 15 head of horses.  There was a further allegation to the effect that the plaintiff, after he took possession of said premises, ascertained that the defendants long prior to the making and delivery of said warranty deed had conveyed to others about 10 acres of the N. W. ¼ of section 28, township 23 N., of range 18 W., of the Indian Meridian, the most valuable portion of said described premises.  For each of the alleged breaches of warranty plaintiff claimed damages in the sum of $500.

To this petition the defendants filed an answer in six paragraphs.  The first paragraph denied each and every material allegation in the petition contained, except such as are thereinafter expressly admitted, and admitted that they executed the warranty deed described in the petition.  The second paragraph alleged, in substance, that, at the time the warranty deed was made by the defendants, the plaintiff made and entered into a contract with the defendants that the pasture land on the land described in the deed should be subject to a contract entered into by and between defendants and Peter Voght, wherein it was understood by the parties that the defendants were to retain the pasture land on

said tract or tracts of land deeded by warranty deed until the 1st day of March, 1904. The third paragraph alleged that it was well and fully understood by the plaintiff at the time of the execution of the warranty deed that the contract between defendants and Peter Voght for the use of the pasture land on said tract of land, being for less than one year, was ratified by the plaintiff herein. In the fourth paragraph defendants denied that they ever alienated by deed or otherwise any portion of said land, except that portion understood to have been reserved or alienated by reason of the right of way of the Atchison, Topeka & Santa Fe Railway Company and for townsite purpose, understood and agreed to by and between the parties to this action at the time the warranty was made, and that any failure to recite said reservation in said warranty deed was purely a clerical omission. The fifth paragraph is to the effect that the defendants, because of this suit, were needlessly subjected to defend themselves against a suit or action at law. The sixth paragraph states that the defendants out of their necessity in defending this action have been damaged by the plaintiff in the sum of $100.

To this answer a reply was filed, and upon these pleadings the cause was tried to a jury, and the jury returned a verdict in favor of the plaintiff, upon which judgment was duly rendered, and the defendants appealed the case to the Supreme Court of the territory of Oklahoma, and it was transferred to the Supreme Court of the state, under the terms of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 267) and the Schedule to the Constitution.

The defense below was based on two theories. First, on the theory that the plaintiff waived in writing all right of action accruing or which may accrue on account of covenants of warranty contained in the deed; and, second, on the ground that the plaintiff knew that the Voght lease was in existence, and that the 10-acre tract had been sold prior to the execution of the warranty

deed, and by mutual mistake these reservations were not in-
serted in the warranty deed.

At the trial the defendant offered in evidence the following
instrument:

"Alva, Oklahoma, June 22, 1904. For a valuable considera-
tion, the receipt of which is hereby acknowledged, I do hereby
waive all right of action accrued, or which may accrue on account
of the covenant of warranty contained in warranty deed of con-
veyance executed on the 3d day of October, 1903, between George
P. Hoffman and Mary D. Hoffman, husband and wife, of Woods
county, Oklahoma Territory, of the first part, and M. I. Hen-
rich of the second part in an attempt to convey a good and suffi-
cient title to the northeast quarter of section 28 in township 23
north of range 18 west of the I. M. Witness my hand this 22
day of June, 1904. M. I. Henrich. Executed in the presence
of: W. W. S. Snoddy. T. J. Womack." Indorsed as follows:
"Exhibit F. 1116, A 10423: Waiver of right of action on deed
from George P. Hoffman *et al.* to M. I. Henrich. Territory of
Oklahoma. Woodward County—ss. : This instrument was filed
for record on the 23d day of June, A. D. 1904, at 7:38 o'clock
a. m., and duly recorded in book 2, on page 579. Mrs. M. I.
Weiglein, Register of Deeds. [Seal.]"

The plaintiff objected to the introduction of this instrument,
and the court sustained the objection upon the same ground that
counsel, for plaintiff in his brief defends its rejection, to wit:
"Because it did not relate in any manner to the N. W. ¼, the
quarter over which the parties were litigating in this case." We
do not believe this was a sufficient ground to exclude this evidence.
It tends clearly to establish the fact that after the execution of
the warranty deed the plaintiff voluntarily executed this instru-
ment, waiving all right of action accrued or which may accrue on
account of the covenants of warranty contained in the deed ex-
ecuted by defendants to him. The mere fact that a part of the
instrument states that it was "an attempt to convey a good and
sufficient title to the N. E. ¼ of section 28 in township 23 N.,
of range 18 W., of the Indian Meridian," when the warranty deed
was for the N. E. ¼ and the N. W. ¼ of section 28, township

23 N., of range 18 W., of the Indian Meridian, did not make the instrument inadmissible. It quite frequently occurs that, in order to establish a matter in dispute, a party finds it necessary to introduce a document as a foundation of further proof relating to such document, in order to sustain an issue on his part. In such case he is not absolutely bound by the terms of such document, so as to prevent him from introducing such further testimony relating thereto as may be necessary to show its connection with the matter in dispute which he is seeking to establish. This doctrine is supported by *Waldron v. Evans,* 1 Dak. 11, 46 N. W. 607; *Merchants' Bank of Macon v. Rawls et al.,* 7 Ga. 191, 50 Am. Dec. 394; *Dowdell v. Wilcox,* 58 Iowa, 199, 12 N. W. 271; *Chrisman v. Gregory's Heirs,* 4 B. Mon. (Ky.) 474.

It has also been held that an indorsement on a note may be shown to be incorrect by him who offered such note in evidence. *Kingman v. Tirrell,* 11 Allen (Mass.) 97. And that a party is not precluded from showing error in an auditor's report simply because he has introduced the same in evidence. *Fogg v. Farr et al.,* 16 Gray (Mass.) 396. In *Bartlett v. Mayo,* 33 Me. 518, it is held that "a party may introduce a paper, drawn up in the handwriting of the other party, though not signed by him, with a view to connect it with other evidence, to establish a disputed fact." And in *Western M. R. R. Co. v. Orendorff,* 37 Md. 328, it is held that a paper containing an agreement which both parties meant to sign and seal, but which was signed and sealed by one only, is admissible, in connection with the plaintiff's testimony, to show that both parties had treated the writing as containing the terms of the agreement, and had so recognized and acted upon it.

On the authority of the cases above cited, it seems clear that the court below committed error in refusing to admit in evidence the above and foregoing document.

The court being of the opinion that the cause must be reversed and remanded for a new trial, it is not necessary to notice

the other assignment of error complained of by the plaintiff in error.

The cause is reversed, and remanded for a new trial.

All the Justices concur.