Schmidt vs. Supreme Tent of Knights of Maccabees of the World.

SCHMIDT, Appellant, vs. THE SUPREME TENT OF THE KNIGHTS OF THE MACCABEES OF THE WORLD, Respondent.

*October 27 — November 16, 1897.*

*Mutual benefit association: Reasonable by-law: Suspension of membership.*

One whose certificate of membership in a mutual benefit insurance
  order makes his compliance with all the by-laws of the order, then
  existing or subsequently enacted, a condition precedent to his par-
  ticipation in its benefits, is bound by a by-law, adopted after his
  admission, that, if any member shall engage in any prohibited oc-
  cupation (among which was classed that of selling liquors) after
  admission, his certificate shall be void and he shall stand sus-
  pended, and that no action of the order shall be a condition pre-
  cedent to such suspension, and that the subsequent receipts of
  assessments shall not be a waiver of his engaging in such prohibited
  occupation, it being a reasonable by-law; and his afterward open-
  ing a liquor saloon, though he personally continued his usual busi-
  ness and operated the saloon by a clerk, suspended his membership;
  and the order did not waive the breach by afterward receiving
  assessments from him.

APPEAL from a judgment of the circuit court for Winne-
bago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

The defendant is a foreign corporation licensed to do busi-
ness as a mutual benefit insurance society in this state. On
the 26th of April, 1893, Henry L. Schmidt, deceased, then
the husband of the plaintiff, became a member of a local
lodge of the defendant company at Oshkosh, called the
Northern Light Tent, No. 35, and received a certificate to
the effect that upon his death $1,000 would be paid to his
wife, *Emma E. Schmidt,* the plaintiff, upon the furnishing
of proofs of death and the surrender of the certificate, " pro-
vided he shall have in every particular complied with the
laws of the order now in force, or that may hereafter be
adopted, and has not obtained his membership by fraud or
misrepresentation as to his age, physical condition, or oc-

cupation, when admitted to membership." At that time Schmidt was a baker and confectioner in the city of Oshkosh, and remained such until the time of his death. On June 14, 1894, however, he opened a saloon and stocked it, in the basement of the building used by him for a bakery, and obtained a retail dealer's liquor license. Schmidt himself continued his business of baker, and employed a bartender, who operated the saloon the most of the time; Schmidt, however, occasionally making a sale in the absence of the bartender. On the 19th of September, 1894, Schmidt died, being still a member of the said subordinate tent, and having paid two or three assessments levied after he engaged in the business of saloon keeping, and after such fact was known to the officers of the subordinate tent. The supreme tent of the order, however, had no notice that the deceased was the proprietor of a saloon until after his death.

When Schmidt joined the order, its by-laws provided that no person engaged as principal, agent, or servant in the sale of liquors was eligible to membership. At a regular meeting held in May, 1893, the defendant's by-laws were amended so as to provide as follows:

"Sec. 142. No person shall be admitted as a beneficial member of this order who is engaged in any of the following occupations: Blasting, coal mining, submarine operations, manufacturing highly explosive or inflammable materials, nor who is an aeronaut, or lineman in the employ of electric companies, either in the construction or repairing of lines over which the electric current passes, or who is engaged in any other occupation deemed extra-hazardous by the supreme medical examiner; and no person shall be eligible for membership in the order who is engaged either as principal, agent, or servant in the manufacture or sale of spirituous, malt, or vinous liquors as a beverage; and, should any beneficial member of the order engage in any of the above-named prohibited occupations after admission, his benefit certificate.

shall become null and void from and after the date of his so
engaging in such prohibited occupation, and he shall stand
suspended from all rights to participate in the benefit funds
of the order, and no action of the tent or the supreme tent
shall be a condition precedent to such suspension; and the
record keeper, when any such suspension takes place, shall
not receive further assessments from such suspended mem-
ber. He shall enter such suspension on his records, and re-
port the same to the supreme record keeper as he would
report any other suspension, giving date and cause thereof;
and, in case any assessment shall be received from a mem-
ber who has thus engaged in a prohibited occupation after
his admission, the receipt thereof shall not continue the bene-
fit certificate of such member in force, nor shall it be a
waiver of his engaging in such prohibited occupation."

Due proofs of loss were made, and the defendant declined
to pay, whereupon this action was brought. Trial was had
before the court without a jury, and the court, having made
findings substantially in accordance with the facts herein-
before stated, dismissed the complaint, and the plaintiff ap-
peals.

For the appellant there was a brief by *Barbers & Beglinger*,
and oral argument by *F. Beglinger*. They contended, among
other things, that the by-law claimed to have been violated
was void because it attempts to deprive citizens of the right
to resort to our courts. *Fox v. Masons' Fraternal Acc. Asso.*
96 Wis. 390; *Chapman v. Rockford Ins. Co.* 89 id. 572; *Scott
v. Avery*, 5 H. L. Cas. 811; *Hamilton v. Liverpool, L. & G.
Ins. Co.* 136 U. S. 242; *Leach v. Republic F. Ins. Co.* 58 N. H.
245; Niblack, Ben. Soc. & Acc. Ins. §§ 310, 311; Bacon, Bene-
fit Societies, § 450; *Daniher v. Grand Lodge A. O. U. W.* 10
Utah, 110; *Stephenson v. Piscataqua Ins. Co.* 54 Me. 70; *In-
surance Co. v. Morse*, 20 Wall. 445; *Barron v. Burnside*, 121
U. S. 186; *Edwards v. Aberayron Mut. S. Ins. Soc.* 1 Q. B.
Div. 563. The plaintiff's husband did not change his occu-

Schmidt vs. Supreme Tent of Knights of Maccabees of the World.

pation nor add to the ordinary risks thereof so as to incur a forfeiture. *Hall v. Am. Mut. Acc. Asso.* 86 Wis. 518; *Union M. Acc. Asso. v. Frohard,* 134 Ill. 228; *Miller v. Travelers' Ins. Co.* 39 Minn. 548; *Tucker v. Mut. Ben. Life Co.* 50 Hun, 50; *Nat. Acc. Soc. v. Taylor,* 42 Ill. App. 97; *North Am. L. & Acc. Ins. Co. v. Burroughs,* 69 Pa. St. 43; *Stone's Adm'rs v. U. S. Casualty Co.* 34 N. J. Law, 375; *Brink v. Guaranty Mut. Acc. Asso.* 7 N. Y. Supp. 847; *Rafferty v. New Brunswick F. Ins. Co.* 18 N. J. Law, 480; Niblack, Ben. Soc. & Acc. Ins. §§ 409, 414; *Travellers Preferred Acc. Asso. v. Kelsey,* 46 Ill. App. 371; *Standard L. & Acc. Ins. Co. v. Fraser,* 76 Fed. Rep. 705. Forfeitures are looked upon with disfavor. A trial and conviction were conditions precedent to a final forfeiture. The defendant has waived such forfeiture by receiving assessments with full knowledge of the facts. *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 Wis. 162; *Erdman v. Mut. Ins. Co.* 44 id. 376; *Schunck v. Gegenseitiger W. & W. Fond,* id. 369; *Stylow v. Wis. O. F. M. L. Ins. Co.* 69 id. 224; *True v. Bankers' L. Asso.* 78 id. 287. The by-law is unreasonable and inoperative, because it deprives a party of his contract right, and without the notice which is a part thereof.

For the respondent there was a brief by *Phillips & Hicks,* and oral argument by *M. C. Phillips.*

WINSLOW, J. The certificate of membership in question was conditioned on compliance with all the laws of the order then in force or that might thereafter be adopted. A by-law was duly and regularly adopted in May, 1893, which provided that, if any beneficial member of the order engage in any prohibited occupation after admission, his certificate should become null and void, and he should " stand suspended from all rights to participate in the benefit funds of the order." This by-law is not unreasonable, and it was clearly binding on the plaintiff by the terms of the certificate. Moreover, it was self-executing, so that no action by the company

was necessary to make the suspension complete. *Freckmann v. Supreme Council Royal Arcanum,* 96 Wis. 133. It is undisputed that Schmidt engaged as principal in the business of selling liquor as a beverage in June, 1894. By this act he became suspended from the order by the terms of the by-law. There was no waiver resulting from his payment of assessments thereafter made, because the by-law in question, which has become a part of the contract, expressly provides that such payments shall not constitute a waiver. *Carey v. German Am. Ins. Co.* 84 Wis. 80.

*By the Court.*— Judgment affirmed.