STIRN, Respondent, vs. SUPREME LODGE OF THE BOHEMIAN SLAVONIAN BENEVOLENT SOCIETY, Appellant.

*April 26—May 14, 1912.*

*Life insurance: Mutual benefit societies: Amending constitution, etc.: Power to change contract: Consent to change: Payment of assessments.*

1. Although the certificate issued by a mutual benefit society to a member provides that he shall comply with all the laws, rules, and regulations of the society, and power to repeal or amend the constitution and by-laws is reserved therein and in the charter, this does not authorize the society by any such amendment or repeal to nullify or materially alter the contract of insurance expressed in the certificate.
2. Thus, where the contract was that the society should pay the wife of the member $1,000 upon his death, but if she died first should pay him $250 upon her death and the balance after his decease to a beneficiary named by him, no amendment to the constitution and by-laws could cut off his right to receive the $250 at the death of his wife, and make the whole sum of $1,000 payable only upon his death.
3. Where the member continues to pay assessments after notice of an amendment to the by-laws purporting to alter his contract, but refuses to surrender his certificate and accept a new one containing such alteration, the payments do not show a consent to the change.

APPEAL from an order of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The material allegations of the complaint are that defendant is a mutual benefit association or fraternal order engaged in the business of insurance on the mutual assessment plan; that November 25, 1891, plaintiff was received by said defendant as a member and it issued to him its certificate for $1,000 bearing said date; that one of the provisions of said certificate read as follows:

"Provided, however, if the wife of said brother *Francis Stirn* shall die previous to his death, and his said wife having

previously passed a medical examination to the satisfaction of this society, the sum of $250 of the said sum of $1,000 shall be paid, upon satisfactory proof of death, to said brother *Francis Stirn,* and said payment shall be indorsed on the back of this certificate or upon the certificate issued in lieu thereof, and after his death only the balance of said $1,000, to wit, the sum of $750, shall be paid on this certificate, or upon any certificate that may be issued in lieu thereof."

That on or about the 6th day of June, 1908, plaintiff's wife, who had previously passed a medical examination to the satisfaction of the society, died, and on the 13th of June, 1908, he gave due notice and delivered proof of death of his said wife to the defendant in conformity with the provisions of his certificate; that he delivered his said certificate to the defendant for the purpose of having paid to himself and indorsed on the back thereof said sum of $250 and to have issued to him in lieu thereof a new certificate in the sum of $750. It is further alleged upon information and belief that since the death of plaintiff's wife the defendant has levied and collected an assessment upon its members to pay the plaintiff's claim of $250 and that it has had and still has in its treasury a sufficient sum to pay his claim and all other just claims against said defendant; that he has requested, and defendant has refused, the payment of said sum of $250, and prays judgment for said amount with interest and costs. The plaintiff demurred to the following portion of the answer:

"Further answering, and by way of defense, said defendant alleges that at the time the plaintiff became a member of the defendant society, he then and there faithfully promised and pledged himself that he will always, while a member of said order, obey and comply with all the rules, regulations, by-laws, and charter of said defendant society.

"That at a convention of said defendant organization held in the city of St. Paul, Minnesota, from June 15 to June 20, 1896, the members of said organization duly amended, altered, and revised its constitution and by-laws, and that said constitution and by-laws as so amended, altered, and revised were in

force at the death of said Bertha Stirn and had been in force
for a long time prior thereto.    That said constitution and by-
laws in force at the time of the death of said Bertha Stirn con-
tained no provision for the payment of any sum or sums of
money whatsoever, to a member upon the death of his wife upon
or under any certificate issued to such member as alleged in
said complaint, but that all provisions for the payment of said
sum of $250, as aforesaid, to a member upon the death of his
wife were duly repealed and annulled by said convention, and
instead the following provisions were made and duly adopted
and were in force at the time of the death of said Bertha Stirn,
to wit: [setting out provisions] ; that plaintiff had full knowl-
edge of the repeal of said provisions above mentioned and the
adoption of the new constitution and by-laws, but that he at no
time made application for the admission of his wife to a death
benefit as therein provided, and that said Bertha Stirn, his
wife, utterly failed and neglected to in any manner comply
with any of the provisions of said constitution and by-laws so
adopted in 1896, aforesaid, in no way has the same provided
for the payment of any sum for death benefit or otherwise
upon the death of said Bertha Stirn.

"Defendant admits that it levied and collected an assess-
ment upon the members to pay said plaintiff the sum of $250
as the benefit for the death of his wife, but alleges in that be-
half that said assessment was so levied and collected by mis-
take and under a misapprehension of the facts and in the be-
lief that said plaintiff and said Bertha Stirn had fully com-
plied with the provisions of said constitution and by-laws of
1896, aforesaid (providing the manner in which application
should be made by a member for the admission of his wife to
the death benefit, and that as therein provided said Bertha
Stirn, as his wife, has fully complied with said constitution
and by-laws), but that said defendant has no power or author-
ity or any legal right to pay said sum so levied and collected
to any one, by reason of the death of said Bertha Stirn.

"Defendant further alleges that owing to said mistake and
misapprehension of facts, it did issue to said plaintiff a new
policy or certificate in lieu of the original certificate in the
sum of $750, but that said defendant has no power and did
not have such power or legal authority to issue such new cer-
tificate, and that upon discovering the error it duly issued a

new certificate in the sum of $1,000 in accordance with its constitution and by-laws, and delivered the same to said plaintiff, but that the said plaintiff has refused to accept the same and that he has returned said certificate. . . .

"That said original certificate in the plaintiff's possession at the time of his said wife's death and now in the possession of this defendant, was and is void in part, and the surrender thereof by the plaintiff was repeatedly requested in order that a new certificate similar to the one hereto attached might issue thereon, but that plaintiff has failed and neglected for more than ten years last past to surrender same for such purpose, and that said plaintiff is entitled to no death benefit under the constitution and by-laws of said defendant organization other than as provided in said new certificate, a copy of which is hereto attached, and that defendant at all times since said convention has been ready and willing and now is ready and willing to issue and deliver to said plaintiff such new certificate in conformity with the said constitution and by-laws.

"That defendant, further answering, states and alleges that by the charter, constitution, and by-laws of defendant society, . . . it is provided that the constitution and by-laws may be changed, altered, amended, or repealed from time to time as the society may deem fit or necessary."

The court sustained the demurrer and the defendant appealed.

*John J. Vlach,* for the appellant.

*F. F. Groelle,* for the respondent.

VINJE, J.     The demurrer to the answer presents the question whether the defendant, by amendment to its constitution or by-laws, could change the terms of the certificate issued to plaintiff in 1891 whereby he was made a beneficiary therein to the amount of $250 in the event his wife died during his lifetime, so as to cut off his right to receive said sum.     Defendant contends that, since the certificate was issued upon condition that the plaintiff should "in every particular, while a member of said organization, comply with all the laws, rules, and regulations thereof," it was within its power to change its laws as it did in 1896; that such change was made necessary

because of the fact that it was found that members who received a cash payment upon the death of their wives lost interest in the society and usually allowed their insurance to lapse, and because it was deemed contrary to its articles of incorporation and to the laws of several states in which it did business. It is claimed the change was a reasonable and necessary one and did not deprive members of their vested rights. Conceding the necessity of the change from the standpoint of the defendant, can it be said that it did not deprive plaintiff of valuable contract rights? His contract was that the defendant should pay his wife $1,000 upon his death, but if she died before he did, then it should pay him $250 upon her death, and the balance, after his decease, to a beneficiary named by him. This contract was sought to be changed so as to cut off his right to receive the $250 upon the death of his wife and to make the whole sum of $1,000 payable upon his death. Manifestly such a change was a material change in the contract. Under the certificate issued to him plaintiff and his wife were both the insured and the beneficiaries. Under the attempted substituted contract the plaintiff alone was the insured and the wife alone the beneficiary.

The reserve power, made a part of the contract of insurance, that plaintiff should comply with all the laws, rules, and regulations of the defendant, warranted only reasonable changes in the manner and mode as to details of carrying out the scheme of insurance. It did not authorize defendant to nullify any essential feature of the contract entered into. *Wuerfler v. Trustees Grand Grove,* 116 Wis. 19, 92 N. W. 433; *Jaeger v. Grand Lodge,* 149 Wis. 354, 135 N. W. 869. It has been held that provisions in the articles of organization or by-laws existing at the time of the issuance of the certificate inconsistent therewith, must yield to the terms of the certificate, in the absence of some statutory provision or some rule of public policy to the contrary. *Ledebuhr v. Wis. T. Co.* 112 Wis. 657, 88 N. W. 607; *Wuerfler v. Trustees Grand Grove, supra; Koerts*

*v. Grand Lodge,* 119 Wis. 520, 97 N. W. 163; *Bruger v. Princeton & St. M. Mut. F. Ins. Co.* 129 Wis. 281, 109 N. W. 95. So changes made in the organic law of a benefit society or in the by-laws thereof which materially alter or affect the contract relations between the members and the society as expressed in the contract of insurance, must yield to the terms of the latter in the absence of consent or waiver, or of any statutory rule of public policy to the contrary, even where there is a provision in the certificate that the member will comply with the laws, rules, and regulations of the society or order as they may be enacted or amended from time to time in the future. Such provision relates to the conduct and government of the society in relation to its members and does not affect the substantial portions of its insurance contracts with them. True, it may authorize the society to change the details of the mode or manner in which it shall carry on the insurance part of its business, as well as its other business with members, but it cannot be made the cloak for compelling a member to accept a substantially different contract of insurance from the one entered into when the certificate was issued.

A further claim is made that the plaintiff must be held to have consented to the change in the terms of his certificate because he continued to pay his assessments for many years after he had notice of a change in the by-laws. The answer contains no such allegation of consent. On the contrary, it admits that plaintiff never consented thereto, for it alleges "that he was repeatedly requested to surrender the old certificate and to accept a new one issued under the new system, but the respondent never did so for more than ten years past." The answer, therefore, upon its face shows that plaintiff never consented to a change in the by-laws. He had a perfect right to continue to pay assessments upon the certificate issued to him in order to keep it in force, and was under no obligation to surrender it for cancellation.

*By the Court.*—Order affirmed.